UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.D.C.P.,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No.  1:26-cv-02856-DAD-CSK<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND PETITIONER'S MOTION TO PROCEED UNDER A PSEUDONYM, AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2, 3) |

On April 15, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  On April 16, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decision in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court found that the prior release of the petitioner created a liberty interest in continued release and that his re-detention violated due process.  (Doc. No. 7.)

/////

1

On April 16, 2026, respondents filed an opposition to the motion for temporary restraining order. (Doc. No. 8.) In that opposition, respondents concede that there are no significant factual or legal issues that materially distinguish this case from those addressed in *Ayala Cajina*. (*Id.* at 1.) Respondents also do not oppose the granting of petitioner's motion to proceed under pseudonym. (*Id.*) Respondents argue in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 2), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondents also state in their opposition that they do not oppose resolving the underlying petition for writ of habeas corpus on the current briefing before the court. (Doc. No. 8 at 1.)

Based on a review of the record before it, the court finds as follows. On December 23, 2023, petitioner entered the United States. (Doc. No. 1 at ¶ 16.) Immigration authorities detained petitioner upon entry. (*Id.*) At an unknown date, petitioner again encountered and was detained by immigration authorities. (*Id.*) After approximately one month, petitioner was released on his own recognizance. (*Id.* at ¶¶ 16, 27.) On March 13, 2026, petitioner was taken into custody for a traffic violation and later detained by immigration authorities. (*Id.* at ¶ 30.)

The court incorporates and adopts the reasoning set forth in its prior order in *Ayala Cajina*, 2025 WL 3251083, where the undersigned concluded that the government's prior release of the petitioner created a liberty interest in his continued release. Accordingly, the court finds that petitioner's prior release in this case gave him a liberty interest in his continued release and concludes, pursuant to the reasoning in *Ayala Cajina*, that petitioner's continued detention violates due process.

For the reasons above,

1.  Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.  Respondents are ORDERED to immediately release petitioner, whose A# is unknown to the court, from respondent's custody on the same

/////

conditions, if any, he was subject to prior to his detention on March 13, 2026;

    b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden of demonstrating that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot in light of this order granting his petition on the merits;

3.    Petitioner's motion to proceed under pseudonym (Doc. No. 3) is GRANTED;

4.    The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

5.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **April 19, 2026**               _____

                                             DALE A. DROZD
                                           UNITED STATES DISTRICT JUDGE